# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin R. Wangen, | ) |
| Petitioner, | ) CV 07-116 PHX-SRB (JM) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Dora B. Schriro, et al., | ) |
| Respondents. | ) |

Pending before the Court is Petitioner Dustin R. Wangen's Petition for Writ of Habeas Corpus [Docket No. 1]. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On February 26, 1999, Petitioner was indicted in Maricopa County for two counts of sexual conduct with a minor under the age of 15 years, each a class 2 felony and a dangerous crime against children. (Exhibit A).[1] On September 3, 1999, Petitioner plead guilty to two counts of *attempted* sexual conduct with a child, each a class 3 felony and a dangerous crime against children. (Exhibit B (Plea Agreement); Exhibit C (Transcript of Change of Plea)).

---

[1]Unless otherwise noted, all referenced exhibits are those attached to Respondent's Answer to Petition for Writ of Habeas Corpus.

1  The court sentenced Petitioner on April 7, 2000, to a presumptive term of 10 years of
2  imprisonment for Count 1, and to lifetime probation on Count 2. (Exhibit D).
3       On June 13, 2000, Petitioner filed a notice of post-conviction relief ("PCR"). (Exhibit
4  E). On December 7, 2000, Petitioner's court-appointed counsel filed a Notice of Completion
5  of PCR Review, indicating he was unable to find any colorable claims to raise and therefore
6  did not file a petition on Petitioner's behalf. (Exhibit F). On January 30, 2001, Petitioner
7  filed a *pro per* PCR petition raising one claim:

> Ineffective assistance of counsel and antidepressant medication
> Bert Roos promised 1 year in county jail and life time probation.
> If not for this, I would not have entered into the plea agreement.
> I respectfully request this court to set my plea aside and allow
> me to supplement this PCR 32 if necessary.

11 (Exhibit G, p. 3). On February 15, 2001, he filed a supplement to the petition in which he
12 elaborated on his original claim and detailed the alleged ineffectiveness of his trial counsel,
13 Bert Roos. (Exhibit H). On March 7, 2001, the trial court found the PRC petition to be
14 incomplete and ordered it returned to Petitioner and set a deadline of April 23, 2001, for the
15 filing of a complete petition. (Exhibit I).
16      On April 27, 2001, Petitioner filed a new *pro per* PCR petition in which he again
17 raised claims of ineffective assistance of counsel and asserted that he would not have entered
18 into a plea agreement but for misinformation from counsel. (Exhibit J). On May 30, 2001,
19 the State filed a Response to Petition for Post-Conviction Relief, arguing that the petition
20 remained incomplete and that the record did not support the claims. (Exhibit K). By Minute
21 Entry Order dated July 11, 2001, the trial court dismissed the petition because it "fails to state
22 a colorable claim." (Exhibit L). The docket does not reflect that Petitioner filed a petition
23 for review. (Exhibit Q; *See also* Exhibit N, p. 2 (order noting that Petitioner did not seek
24 review)).
25      Petitioner filed another *pro per* PCR petition on May 19, 2005, raising the two
26 following claims:

> I.    Did the sentencing court abuse its discretion by failing to
> properly gauge and apply aggravating and mitigating

>>factors, violating the defendant's rights and rendering the sentence illegal?
>
>II. Did the sentencing court abuse its discretion by imposing a sentence which exceeds the maximum penalty authorized for the charged offense without some additional fact finding?

(Exhibit M). The trial court found Petitioner's claims untimely and dismissed the petition. (Exhibit N). On March 30, 2006, the Arizona Court of Appeals denied review of the trial court's determination. (Exhibit O). On October 6, 2006, the Arizona Supreme Court likewise denied review. (Exhibit P).

On January 17, 2007, Petitioner filed his Petition for Writ of Habeas Corpus in this Court raising the following claims for relief: (1) that his sentence in excess of statutory maximum because it was not based on jury findings of all essential facts beyond a reasonable doubt; and (2) that lifetime probation amounts to cruel and unusual punishment, violates equal protection and is fundamentally unfair. Petition, *Docket No. 1*, p. 5.

## II.  LEGAL DISCUSSION

### A.  The petition is not timely under the AEDPA.

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year period in which to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). Depending on the circumstances, the one-year limitations period will commence to run on one of four dates: (1) the date the conviction became final on direct review; (2) the date a governmentally created impediment preventing the movant from filing his motion was removed; (3) the date the U.S. Supreme Court recognized a new right made retroactive to cases on collateral review; or (4) the date facts supporting the claims presented in the motion could have been discovered through due diligence. *See* 28 U.S.C. § 2244(d)(1)(A) through (D). The running of the one-year limitations period is tolled during the time which a properly filed application for post-conviction relief or other collateral review is pending in state court.

28 U.S.C. § 2244(d)(2); *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) (holding that Arizona's mechanism for post-conviction relief is set in motion by the filing of the notice of post-conviction relief and therefore is "sufficient to toll the AEDPA statute of limitations.")

    The starting point for determining the timeliness of Petitioner's Petition for Writ of Habeas Corpus is the date on which Petitioner's conviction became "final by conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). As a result of his guilty plea, and his waiver of his right to direct appeal, Petitioner's conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review." *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007); 28 U.S.C. § 2244(d)(2) ("the time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."). On June 13, 2000, Petitioner filed his first PCR notice. The subsequently filed petition was dismissed on March 7, 2001. Petitioner then filed a new PCR petition on April 27, 2001, which the trial court denied on July 5, 2001. Petitioner did not seek review and the limitations period began to run when the period for seeking review expired 30 days later on August 5, 2002. Ariz.R.Crim.P. 32.9(c). Thus, even if his PCR petitions were "properly filed" and if the interim periods when no PCR petition was pending are not counted against him, his habeas petition was due to be filed one year later, on August 6, 2003. 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file his pending § 2254 petition until January 17, 2007. Accordingly, it is untimely.

    Petitioner's petition could be construed as claiming that the limitations period should have begun to run when the Supreme Court issued it's opinion in *Blakely v. Washington*, 542 U.S. 296 (2004). However, even if *Blakely* was made retroactive, which it was not, *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004); *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005) (holding that *Blakely* does not apply retroactively to a conviction that was final before that decision was announced), it would be of no help. This is because *Blakely* was decided

on June 24, 2004, and Petitioner's petition was filed more than one year after that date. Accordingly, the petition is untimely even if considered under 28 U.S.C. § 2244(d)(1)(C).

**III.    RECOMMENDATION**

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, **DISMISS WITH PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus filed January 17, 2007 [Docket No. 1).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 07-116-PHX-SRB**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 19th day of October, 2007.

Jacqueline Marshall
United States Magistrate Judge