**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin R. Wangen,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV07-0116-PHX-SRB<br><br>**ORDER** |

Petitioner, Dustin R. Wangen, filed his Petition for Writ of Habeas Corpus on January 17, 2007 alleging two claims; first, that his due process rights and rights to trial by jury were violated when he received a sentenced in excess of the statutory maximum not based on jury findings of all essential facts beyond a reasonable doubt and second, that his rights under the Fifth, Fourteenth and Eighth Amendment to the United States Constitution were violated by his receipt of a term of lifetime probation because lifetime probation constitutes cruel and unusual punishment. Respondents filed a limited answer to the Petition on April 2, 2007, asserting that the Petition is time barred because it was filed after the expiration of the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1986 (AEDPA) 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his reply on June 8, 2007, asserting that he had exhausted all of his claims and asserting that the petition was timely under AEDPA requirements.

1  On October 19, 2007, the Magistrate Judge issued her Report and Recommendation
2  concluding that the petition was filed more than one year after the date Petitioner's
3  conviction became final and recommended that the petition be dismissed with prejudice.
4  After receiving several extensions of time, Petitioner filed his objections to the Report and
5  Recommendation on December 31, 2007.  In his objections, Petitioner argues that when the
6  state court did not adjudicate his claims on the merits the statute of limitations for federal
7  habeas claims does not apply and that the Court is required to review his legal claims *de novo*
8  and factual matters for clear error.

9  Because the Court, after making a *de novo* review of the record, agrees with the
10 Magistrate Judge that Petitioner's habeas petition is time barred the objections will be
11 overruled and the petition dismissed with prejudice.

12 In the Report and Recommendation the Magistrate Judge set out the factual and
13 procedural background of Petitioner's state court proceedings.  Petitioner takes no issue in
14 his objections with this recitation and admits that the state trial court found his second Post-
15 Conviction Relief Petition precluded as being untimely.  The facts are as follows.  Petitioner
16 pled guilty to two counts of attempted sexual conduct with a child, both class 3 felonies and
17 dangerous crimes against children pursuant to a plea agreement. He was sentenced on April
18 2, 2000 to the presumptive term of 10 years in prison on one count and a period of
19 consecutive lifetime probation on the second count.  Petitioner timely filed a state court
20 Petition for Post-Conviction Relief on June 13, 2000 claiming that were it not for ineffective
21 assistance of counsel and antidepressant medication he would not have entered into the plea
22 agreement.  This original Petition for Post-Conviction Relief was eventually denied by the
23 trial court on July 5, 2001.  Petitioner did not seek review in the Arizona appellate courts.
24 In May 2005, Petitioner filed a second Petition for Post-Conviction Relief which the trial
25 court dismissed as untimely.  Review was sought and denied by the Arizona Court of
26 Appeals and the Arizona Supreme Court.  The Arizona Supreme Court denied review on
27 October 6, 2006.  This habeas petition was filed January 17, 2007.

28

Petitioner's conviction became final no later than August 5, 2001, the date the time to seek review in the Arizona Court of Appeals expired. Petitioner did not file his habeas petition until January 17, 2007, more than five years later. Moreover, the exception to the one-year statute of limitation that allows a habeas petition to be filed one year after the date the Supreme Court recognized a new right retroactive to cases on collateral review does not apply because the new rule established in *Blakely v. Washington*, 542 U.S. 296 (2004) was not made retroactive. *See*, *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004). Moreover, even if Petitioner arguably had the right to file within one year of the Supreme Court's opinion in *Blakely*, he did not. *Blakely* was decided in 2004, the habeas petition was not filed until 2007.

IT IS ORDERED adopting the Report and Recommendation of the Magistrate Judge as the order of this Court.

IT IS FURTHER ORDERED overruling Petitioner's objections to Magistrate Judge's Report and Recommendation.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is dismissed with prejudice.

DATED this 29th day of January, 2008.

/s/ Susan R. Bolton
Susan R. Bolton
United States District Judge